United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLENE DeBERT,
Plaintiff,
v.
MARCUS MENDES, et al.,
Defendants.

Case No. 26-cv-07190-NC

**ORDER SCREENING FIRST AMENDED COMPLAINT UNDER 28 U.S.C. § 1915**

Re: ECF 7

Self-represented Plaintiff Charlene DeBert filed a civil lawsuit against Defendants Marcus Mendes, Gary Redenbacher, Judge Timothy Schmal, and County of Santa Cruz. ECF 1. In response to the Court's initial screening that found her original complaint to be insufficient, Ms. DeBert filed her First Amended Complaint (FAC) against Defendants, and added a new Defendant, Ryan Thompson. ECF 7 (FAC). Ms. DeBert's lawsuit stems from two citations against her from the County.

The Court now screens Ms. DeBert's FAC and GRANTS Ms. DeBert leave to amend her complaint by September 22, 2026. As before, in its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d

1122, 1126–27 (9th Cir. 2000) (en banc). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Here, the Court finds that Ms. DeBert's FAC is deficient for the following reasons:

1. **Ms. DeBert must clarify her claim against Defendant Ryan Thompson.** Ms. DeBert appeared to add Ryan Thompson as a defendant in her FAC. FAC ¶ 10.2. However, it is unclear which cause of action Thompson is alleged to be liable for. FAC at 23, 26, 28, 30, 33, 37 (identifying Mendes, Redenbacher, Schmal, and the County as Defendants for Claims One through Six but not Thompson).
2. **Defendant Redenbacher has absolute quasi-judicial immunity.** Ms. DeBert's FAC alleges a Fourteenth Amendment claim against Redenbacher in connection with his action as a Hearing officer for the Santa Cruz County Planning Department, specifically for denying Plaintiff's continuance request and proceeding with the hearing despite inadequate preparation time. FAC ¶¶ 148, 152, 154. "Persons performing adjudicatory functions in administrative agencies enjoy absolute immunity from liability for damages for their judicial acts." *Butz v. Economou*, 438 U.S. 478, 515–17 (1978). This includes hearing officers like Redenbacher. *See Khai v. Cnty. of L.A.,* No. 16-cv-3124-PA-JCX, 2016 WL 11520702, at *5 (C.D. Cal. Sept. 20, 2016), aff'd, 730 F. App'x 408 (9th Cir. 2018) (finding that hearing officers are entitled to absolute immunity as quasi-judicial officers).
3. **Defendant Schmal has absolute judicial immunity for acts performed in his judicial capacity.** Judges are absolutely immune from suits for money damages for acts performed in their official capacities. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991). While Ms. DeBert's FAC alleges that Schmal's "acts of instructing court clerks to reject Plaintiff's filings were administrative acts, not judicial acts," this is not true. FAC ¶ 34. The Ninth Circuit has held that "the acts of accepting or rejecting documents for filing are an integral part of the judicial

United States District Court
Northern District of California

process." *Haywood v. Hillman*, No. 03-cv-0996-DT-ED, 2004 WL 7321380, at *9 (C.D. Cal. Mar. 1, 2004) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1390 (9th Cir. 1987)). Schmal has absolute judicial immunity for directing clerks to reject Ms. DeBert's filings.

4. **Ms. DeBert's exhibits do not, and will not, cure her factual deficiencies.** The Court notes that Ms. DeBert attaches five exhibits to her FAC. FAC at 20–23. While a plaintiff may attach exhibits to supplement the allegations, "these attachments cannot take the place of well-pleaded factual allegations that must appear in the body of the complaint." *Hurtado v. Walmart Stores, Inc.*, 2014 WL 7337542, at *6 (E.D. Cal. Dec. 23, 2014). As such, attaching exhibits instead of pleading factual allegations in the body of the complaint will not cure Ms. DeBert's deficiencies.

Accordingly, the Court GRANTS Ms. DeBert leave to amend her complaint. By September 22, 2026, Ms. DeBert may file a second amended complaint that cures these deficiencies. Ms. DeBert may not add new parties or claims without advance permission from the Court. If Ms. DeBert does not cure the deficiencies, this Court may recommend the dismissal of the case.

The Court also reminds Ms. DeBert of the Court's Pro Se Program that provides free advice and can provide referrals to attorneys for self-represented civil litigants. The Program may be contacted at telephone 408.297.1480 to make an appointment.

**IT IS SO ORDERED.**

Dated: August 25, 2026

NATHANAEL M. COUSINS
Chief United States Magistrate Judge